**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **FRANCISCO SANCHEZ & XIOMARA SANCHEZ** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 05-2472** |
| **MENLO WORLDWIDE FORWARDING, INC., RYAN INTERNATIONAL AIRLINES, INC., & INTEGRATED AIRLINE SERVICES, INC.** | * | **SECTION "B"** |

## ORDER AND REASONS

Before the Court is Defendant Integrated Airline Services, Inc.'s  Motion to Dismiss Pursuant to Rule 12(b)(6) or in the Alternative, Motion for Summary Judgment. (Rec. Doc. No. 4). For the following reasons, **IT IS ORDERED** that Defendant's motion is **DENIED**.

## Background

Plaintiff, Francisco Sachez, suffered injuries on May 21, 2004, when he slipped and fell on hydraulic oil at Louis Armstrong International Airport ("Louis Armstrong"). Plaintiff was unloading a cargo airplane on behalf of Defendant corporation Menlo Worldwide Forwarding, Inc. (Rec. Doc. No. 4 at 1). Plaintiffs, Francisco Sanchez and Xiomara Sanchez, were employed by Defendant Atlantic Aviation when  the injury occurred. According to the complaint, the oil was leaking from the cargo door and Mr. Sanchez slipped on the hydraulic oil as he approached the door. (Complaint at ¶ 4).

1

Defendant Integrated Airline Services, Inc. ("IAS") move for dismissal of the instant action pursuant to Federal Rules of Civil Procedure 12(b)(6) for Plaintiff's failure to state a claim upon which relief can be granted, and in the alternative moves for summary judgment pursuant to Federal Rule of Civil Procedure 56(c). (Rec. Doc. No. 4). IAS contends that all claims against the company should be dismissed because Plaintiffs failed to establish a connection between the leak at Louis Armstrong and IAS' actions in Memphis loading the plane's cargo. IAS further contends, in the alternative, that summary judgment is appropriate because the Plaintiffs failed to prove that IAS owed a duty to protect Mr. Sancez from the type of injuries he sustained. (Rec. Doc. No. 4 at 4).

Plaintiffs contends Integrated Airline Services, Inc. ("IAS") was under a duty to correct a leak when it "serviced" the defective aircraft in Memphis, Tennessee. (Rec. Doc. No. 5 at 2). Under the Agreement for Groundhandling Services between IAS and the operator of the aircraft, Schedule A, Statement of Work states the Groundhandler, IAS, "shall provide all ground services at oustations designated by Emery, including . . .

> 1.4
> Conduct Pre and Post operational F.O.D. walks for the aircraft ramp area to ensure the safety of personnel and assets. Furthermore, the ramp should be maintained in such a manner as to keep this area free of grease, oil, hydraulic oil, transmission fluid and/or other substances that may contribute to an unsure operating environment.

(Rec. Doc. No. 4, Ex A, Schedule A) (emphasis added).

Plaintiffs filed an action in state court for damages allegedly suffered in connection with the above described slip-and-fall. On June 17, 2005, Defendant Ryan International Airlines, Inc. filed a Petition for Removal of this case from the 24th Judicial District Court for the Parish of

Jefferson, State of Louisiana, to federal court. (Rec. Doc. No. 1). On November 4, 2005, IAS filed the motion presently before the Court.

**Law and Analysis**

**A. Motion to Dismiss**

Rule 12(b)(6) of the Federal Rules of Civil Procedure gives the Court the authority to dismiss a claim for when the pleading fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) is disfavored and should not be granted unless "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957). The complaint must be liberally construed in favor of the plaintiff, and all the facts pled in the complaint must be taken as true. See Campbell v. Wells Fargo Bank, N.A., 781 F.2d 440, 442 (5th Cir. 1986). The issue is not whether the plaintiff will ultimately prevail, but "whether, in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." Id. (citing 5 Wright & Miller, Federal Practice and Procedure § 1357, at 601 (1969)); Doe v. Hillsboro Independent School Dist., 81 F.3d 1395, 1401 (5th Cir. 1996). Thus, a court should not dismiss a claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint. Vander Zee v. Reno, 73 F.3d 1365, 1368 (5th Cir. 1996).

**B. Standard of Review for Summary Judgement**

Summary judgment is proper if the pleadings, depositions, interrogatory answers and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). See also Celotex Corp. v. Catrett, 477 U.S. 317, 327, 106 S. Ct. 2548, 2554-55 (1986). A genuine issue

3

exists if the evidence would allow a reasonable jury to return a verdict for the nonmovant.  Anderson

v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986).   Although the Court must

consider the evidence with all reasonable inferences in the light most favorable to the non-moving

party, the nonmovant must produce specific facts to demonstrate that a genuine issue exists for trial.

Webb v. Cardiothoracic Surgery Associates of North Texas, 139 F.3d 532, 536 (5th Cir. 1998).  The

nonmovant must go beyond the pleadings and use affidavits, depositions, interrogatory responses,

admissions, or other evidence to establish a genuine issue.  Id.  Accordingly, conclusory rebuttals

of the pleadings are insufficient to avoid summary judgment.  Travelers Ins. Co. v. Liljeberg Enter.,

Inc., 7 F.3d 1203, 1207 (5th Cir. 1993).

**C. Discussion**

   To prevail in a negligence action under Louisiana law, a plaintiff must prove that: "1) the

conduct in question was the cause-in-fact of the resulting harm; 2) defendant owed a duty of care

to plaintiff; 3) the requisite duty was breached by the defendant; 4) the risk of harm was within

the scope of protection afforded by the duty breached." Peterson v. Gibraltar Savings & Loan,

733 So.2d 1198, 1203-04 (La. 1999).

   Here, Plaintiffs have demonstrated a genuine issue of material fact as to whether IAS

was allegedly under a duty to correct a leak when it "serviced" the defective aircraft in Memphis,

Tennessee. (Rec. Doc. No. 5 at 2). Under the Agreement for Groundhandling Services between

IAS and the operator of the aircraft, Schedule A, Statement of Work states the Groundhandler,

IAS, "shall provide all ground services at outstations designated by Emery, including . . .

   1.4  Conduct Pre and Post operational F.O.D. walks for the aircraft ramp area to
      ensure the safety of personnel and assets. Furthermore, the ramp should be
      maintained in such a manner as to keep this area free of grease, oil, hydraulic oil,
      transmission fluid and/or other substances that may contribute to an unsure

<u>operating environment</u>.

(Rec. Doc. No. 4, Ex. "A", Schedule A) (emphasis added).

The cited portion of the Agreement not only presents a genuine issue of material fact, precluding summary judgment at this stage in the litigation, but it also demonstrates that Plaintiffs' complaint can withstand a 12(b) (6) motion to dismiss. Interpreting the facts in a light most favorable to the Plaintiffs, they have stated a claim upon which relief may be granted.

**<u>Conclusion:</u>**

For the foregoing reasons, **IT IS ORDERED** Defendant's motion is hereby **DENIED** without prejudice due to the early stage in the litigation. If discovery resolves the factual issues regarding duty and policies behind the Agreement, IAS may bring future motions for summary judgment.

New Orleans, Louisiana, this <u>2nd</u> day of February, 2006.

IVAN L.R. LEMELLE
UNITED STATES DISTRICT JUDGE

5